1  Brandi L. Harper, SBN 264672
2  Brandi@CastilloHarper.com
   Joseph N. Bolander, SBN 280857
3  Joe@CastilloHarper.com
4  **CASTILLO HARPER, APC**
   6848 Magnolia Ave., Ste 100
5  Riverside, CA 92506
6  Ph: (909) 466-5600
   Fax: (909) 466-5610
7

8  *Attorneys for Plaintiff*
9  TEMUJIN BUSTOS

10            **UNITED STATES DISTRICT COURT FOR THE**

11              **EASTERN DISTRICT OF CALIFORNIA**

12  TEMUJIN BUSTOS,                          Case No.

13                                           **COMPLAINT FOR DAMAGES,
14          Plaintiff,                       EQUITABLE AND
                                             INJUNCTIVE RELIEF**
15          vs.
                                             **1. Violation of 42 U.S.C. § 1983 –
16                                              First Amendment Retaliation**

17  CITY OF FRESNO, a Public Entity;
    CHIEF OF POLICE JERRY P. DYER,           **2. Labor Code § 6310 Retaliation**
18  individually and in his capacity as Chief
    of the Fresno Police Department; CHIEF   **3. Labor Code § 1102.5
19  OF POLICE ANDREW HALL,                       Retaliation**
    individually and in his capacity as Chief
20  of the Fresno Police Department; and     **4. FEHA Retaliation**
    DOES 1-10, inclusive.
21                                           **5. FEHA Race Discrimination**

22                                           **6. FEHA Failure to Prevent
23                                              Discrimination/Retaliation**
24          Defendants.
                                             **7. Discrimination, Interference,
25                                              Retaliation – Gov. Code §§
                                                3502, 3502.1, 3506**
26

27

28

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE
RELIEF**

*(left margin, vertical text)* CASTILLO HARPER — A PROFESSIONAL CORPORATION

This is a complaint for damages and injunctive relief brought by Plaintiff TEMUJIN "TONY" BUSTOS ("PLAINTIFF") against The City of Fresno, former Chief JERRY DYER, current Chief ANDREW HALL and Does 1-10 (collectively referred to as "DEFENDANTS") for retaliation and discrimination in violation of Labor Code §§ 1102.5 and 6310, the Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code §§12940 *et seq*) the Meyers-Milias Brown Act (Cal. Gov. Code §§ 3502, 3505 and 3506) and 42 U.S.C. § 1983—First Amendment retaliation.

## JURISDICTION AND VENUE

1.    Plaintiff's third claim for relief (First Amendment retaliation) is brought under 42 U.S.C. § 1983.  As a result, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, and further has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  This Court has authority to provide declaratory and injunctive relief in this case pursuant to 28 U.S.C. §§2201 and 2202.

2.    Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because the acts, events, or omissions giving rise to the claim occurred in this District.

///

///

///

COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF

## PARTIES

3.    PLAINTIFF has been, at all times relevant, a resident of Fresno County. PLAINTIFF is employed by the Fresno Police Department as a Sergeant.

4.    PLAINTIFF'S home address is confidential pursuant to Penal Code §§146e and 832.7, and Vehicle Code §1808.4(a)(11).

5.    DEFENDANT CITY OF FRESNO ("City") is a duly constituted municipal corporation operating under the laws of the State of California.  The Police Department is an operating department of the City and charged with the responsibility of providing public safety for the City of Fresno.

6.    DEFENDANT JERRY DYER ("DYER"), was until in or about October of 2019 the Police Chief for the Fresno Police Department. In doing the things alleged herein, DYER acted under the color of state law, within the course and scope of his employment, and as an official policy maker, or as one to whom official policy-making authority was delegated, and/or one whose decisions were ratified by an official policy maker of the City. As a department head, DYER was vested or delegated policy-making authority over actions such as the ones at issue in this complaint relating to Police Department personnel, like PLAINTIFF.

7.    PLAINTIFF is informed and believes and thereon alleges that pursuant to the City Municipal Code and Ordinances, along with the actions and customs of City elected and appointed officials, DYER, in his capacity as Chief of

COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF

Police, had official policy making authority with respect to personnel decisions relating to police personnel, like PLAINTIFF, or was delegated such authority; and/or DYER's actions were ratified by officials with final policy making authority.

8.    DEFENDANT ANDREW HALL ("HALL"), has been City of Fresno Chief of Police since in or about October of 2019. Prior thereto, HALL served as Deputy Chief under DYER for approximately three (3) years.  In doing the things alleged herein, HALL acted under the color of state law, within the course and scope of his employment, and as an official policy maker, or as one to whom official policy-making authority was delegated, and/or one whose decisions were ratified by an official policy maker of the City. As a department head, HALL was vested or delegated policy-making authority over actions such as the ones at issue in this complaint relating to Police Department personnel, like PLAINTIFF.

9.    PLAINTIFF is informed and believes and thereon alleges that pursuant to the City Municipal Code and Ordinances, along with the actions and customs of City elected and appointed officials, HALL, in his capacity as Chief of Police, had official policy making authority with respect to personnel decisions relating to police personnel, like PLAINTIFF, or was delegated such authority; and/or HALL's actions were ratified by officials with final policy making authority.

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

10.     DEFENDANT DOES 1 through 10, ("DOES") inclusive, are not known or identified at this time. On information and belief, PLAINTIFF alleges that each DOE is in some manner responsible for the wrongs alleged herein, and that each such defendant advised, encouraged, participated in, ratified, directed or conspired to do, the wrongful acts alleged herein. When the true names and capacities of said defendants become known, PLAINTIFF will seek relief to amend this Complaint to show their true identities in place of their fictitious names as DOES 1 through 10.

11.     Each and all of the acts of the DEFENDANTS as alleged herein were done by DEFENDANTS, their agents, servants, and employees, and each of them as individuals and under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California, and under the authority of their employment with full knowledge and approval of their superiors as agents. DEFENDANTS are jointly and severally liable for the injuries and damages sustained by PLAINTIFF.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12.     All necessary prerequisites to suit, to the extent there are any, have been met. On August 26, 2019, PLAINTIFF filed a claim for damages with the City.  On or about September 13, 2019, the City notified PLAINTIFF that it was taking no action on his claim.  The City later, on or about December 13, 2019, sent

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

to PLAINTIFF a notice of rejection of claim. Further, PLAINTIFF received a

right to sue from the Department of Fair Employment and Housing on January 10,

2020.

## FACTS COMMON TO ALL COUNTS

13.     At all relevant times, PLAINTIFF has performed his duties as a police

sergeant for the Fresno Police Department in a competent, if not exceptional,

manner.

14.     PLAINTIFF, since becoming employed at the FPD has been a

member of the Fresno Police Officer's Association ("FPOA" or "union"). The

FPOA is the exclusive representative of officers, corporals and sergeants at the

City of Fresno.

15.     In or about January of 2017, the Department created a corporal

position. Corporal is a rank in between officer and sergeant. The program was

hastily implemented. Without yet receiving proper training, numerous officers

were effectively instantaneously transformed into corporals. The new corporals

were immediately placed on patrol shifts tasked with the supervision of many

officers. For example, a corporal with little to no training in that capacity was

thrust into supervising 40 officers on a patrol shift. This officer-to-supervisor ratio

greatly exceeds what is typically considered acceptable for even a seasoned

sergeant.

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

16.    The City is divided into five patrol areas.  On another occasion shortly after the program's launch, there was a night shift with only one sergeant on duty. This left four entire areas of patrol supervised by new corporals.

17.    PLAINTIFF reasonably believed that this situation resulted in a safety hazard for officers, who were being supervised by untrained staff, and created safety concerns for the public and a general diminution in service.  In his capacity as a private citizen and member of the union, PLAINTIFF expressed to FPOA leadership his concerns about the newly instituted corporal program.  PLAINTIFF spoke out, in his private capacity as a member of the Union, to protect the safety of his fellow officers and the public and safeguard the reputation of the Department.

18.     PLAINTIFF also reported these serious safety concerns to his supervisors at the Department.

19.    Shortly thereafter, PLAINTIFF is informed and believes and thereon alleges that the Union conveyed his concerns to management, and Chief DYER and then-Deputy Chief HALL became informed that the complaint originated from PLAINTIFF.  The Chief then reluctantly made changes to how Corporals were trained before being deployed, and set limitations on their supervisory responsibilities.

20.    In or about November 2017, PLAINTIFF scored high on the examination for promotion to the rank of Lieutenant, ranking number three on the

COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF

list.  Later that year, Chief DYER selected for promotion those ranked ahead of PLAINTIFF on the list, numbers one and two.

21.    In or about September 2018, DYER interviewed PLAINTIFF along with several other sergeants for additional Lieutenant positions. During PLAINTIFF's interview, DYER expressed frustration towards PLAINTIFF for his protected communications to his union and for his reports of what he reasonably believed to be safety concerns.  PLAINTIFF expressed to the Chief that his motivation in raising these issues was his legitimate concern for the safety of fellow officers and members of the public.

22.    Later, in or about November 2018, DYER informed PLAINTIFF that he was going to skip him on the list and promote three other sergeants, those ranked fourth, fifth, and sixth.

23.    Subsequently, PLAINTIFF approached Chief DYER seeking a meeting to discuss how he could improve his chances of promoting. DYER advised PLAINTIFF to consult with various Deputy Chiefs. PLAINTIFF did so. He spoke with four Deputy Chief's. He also took the initiative to meet with other Department leaders, including approximately five Captains and five to six Lieutenants.

24.    During these meetings, PLAINTIFF asked for feedback regarding why he was denied a promotion. No serious or specific performance or leadership

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

issues were raised by Department leadership.  However, a recurring theme addressed by Command Staff was that PLAINTIFF had upset the Chief when, in 2017, he expressed concerns regarding unsafe working conditions and diminished public safety to his union and supervisors.

25.    In March 2019, DYER interviewed PLAINTIFF again for an open Lieutenant position. On April 1, 2019, DYER advised PLAINTIFF that he was once again denying him the position in favor of another sergeant who ranked seventh on the list. Plaintiff scored higher than that sergeant.  And PLAINTIFF has no recent nor serious discipline in his career, while the promoted Sergeant did.

26.    PLAINTIFF made an internal complaint about the failure to promote. In May 2019, during a subsequent meeting with the Chief, PLAINTIFF told the Chief that he did not want to have a public dispute.  DYER replied that he would not be embarrassed, as he had been sued before by other employees, and some of those employees had expressed regret over suing.  Appearing to further attempt to dissuade PLAINTIFF from exercising his rights, DYER made another veiled threat of future retaliation.  DYER observed that people who had sued him in the past had not fared well.  And DYER expressed that he did not want a lawsuit to damage PLAINTIFF's career.  Among other things, the Chief also expressed that he felt PLAINTIFF filing a grievance was an example of him being too rigid or stubborn.

COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF

CASTILLO HARPER
A PROFESSIONAL CORPORATION

27.    Additionally, PLAINTIFF is informed and believes and thereon alleges that white personnel who have had previous disciplinary issues or who have for some other reason fallen out of favor with the Chief are readily and frequently given second chances, and generally not delayed in their career advancement.  Whereas Hispanic employees, like PLAINTIFF, frequently are relegated to career purgatory for minor and major issues, whether legitimate or illegitimate, real or just perceived.

28.    On August 26, 2019, PLAINTIFF, exercising his right to petition the government, presented a claim for damages to the City.  In his claim, he described what he reasonably believed to be violations of 42 U.S.C. § 1983, the California Labor Code, and the California Government Code.  Additionally, Plaintiff complained of disparate treatment on the basis of race, in violation of the FEHA, in his government tort claim.

29.    PLAINTIFF is informed and believes and thereon alleges that his actions in petitioning the government in this manner and in complaining about violations of law, to include race discrimination, along with safety issues, contributed to subsequent failures to promote.  On September 3, 2019, only four days after the City acknowledged receipt of PLAINTIFF's tort claim (8/30), contrary to the City's own local rules and procedures, Plaintiff was removed from

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

the Lieutenant promotional list.  Plaintiff was forced to grieve this in order to be placed back on the list.

30.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS initially removed PLAINTIFF from the list to ensure his non-promotion in retaliation for his protected speech, disclosures and petitioning.

31.    PLAINTIFF is further informed and believes that DYER hand-selected his replacement, Defendant HALL, and that DYER still wields considerable influence over department decision-making.  While DYER retired in October 2019, he indicated an intent to run for Mayor of Fresno in or about May of 2019.

32.    When HALL was a Captain and Plaintiff was a motor sergeant HALL openly referred to PLAINTIFF as a "zika baby."  Zika virus infection during pregnancy can cause infants to be born with microcephaly and other birth defects.[1] A public health scare over Zika in this country garnered headlines in 2015-2016 due to fears that an outbreak of the virus in Latin America would spread across the U.S.

33.    Thereafter, on or about December 5, 2019, HALL and Defendants skipped PLAINTIFF again in favor of a sergeant who scored lower during the examination process.  PLAINTIFF is informed and believes and thereon alleges

[1] https://www.who.int/news-room/fact-sheets/detail/zika-virus

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

that HALL and Defendants refused to promote PLAINTIFF because PLAINTIFF exercised his right to petition the government, and further engaged in speech as a private citizen on a matter of public concern, when he presented his Government Tort claim to the City on August 26, 2019, in which he complained of the City's legal violations and unsafe practices, as described herein.  Plaintiff further is informed and believes that PLAINTIFF was one of three Hispanic officers passed over in favor of the lower scoring white candidate who was ultimately selected, and that PLAINTIFF's race was a substantial factor in the decision to not promote him.

34.    PLAINTIFF believes and is informed that the actions of DEFENDANT DYER and HALL as described herein were malicious, fraudulent, and/or oppressive and done with a willful and conscious design to injure PLAINTIFF and with a blatant disregard for PLAINTIFF's rights. DEFENDANTS, and each of them and/or their agents/employees, supervised, authorized, condoned and ratified the unlawful conduct of each other.

**FIRST CAUSE OF ACTION**
*42 U.S.C. § 1983 – First Amendment Retaliation*
*Against All Defendants*

35.    PLAINTIFF hereby incorporates each and every preceding paragraph as though set forth in full here.

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

36.     PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS DYER, HALL and CITY caused him to suffer adverse actions, including denial of promotion to lieutenant at least in substantial part for exercising his Constitutional rights to free speech, to petition the government, and to association.  Plaintiff exercised these rights with respect to his union speech, affiliation and activities, filing of a government tort claim, and otherwise.

37.     In doing the things alleged herein, DEFENDANTS, and each of them, violated the rights of PLAINTIFF under the First and Fourteenth Amendments to the United States Constitution. The acts and omissions of DEFENDANTS, and each of them, were done by DEFENDANTS under color of state law in their capacity as a municipality chartered under state law, and as policy making authorities to which DEFENDANT delegated its governing powers in the subject matter areas in which these policies were promulgated or decisions taken, or customs and practices followed.   The acts and omissions of DEFENDANTS as alleged herein manifested or conformed to official policies, customs, practices, or decisions of Defendant City.  Defendants DYER and HALL were vested with final policy making authority with respect to the aforementioned adverse actions.

38.     It was or should have been plainly obvious to any reasonable policy making official of the City that the acts and omissions of DEFENDANTS as alleged herein, taking singly or in conjunction, directly violated and continued to

COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF

CASTILLO HARPER
A PROFESSIONAL CORPORATION

violate PLAINTIFFS clearly established constitutional and statutory rights.   In doing the things alleged herein, DEFENDANT DYER and HALL acted with malicious intent to violate PLAINTIFF'S rights, or at least in conscious, reckless, and callous disregard of PLAINTIFF'S rights and to the injurious consequences likely to result from a violation of said rights.

39.     As a direct and proximate result of DEFENDANTS' unlawful conduct, PLAINTIFF has suffered and will continue to suffer severe physical and mental distress, humiliation, embarrassment, anxiety, loss of earnings, loss of other employment benefits, medical expenses, lack of professional opportunities and advancement, and other general and special damages in an amount to be proven at trial.

40.     General and special damages are sought according to proof.   Punitive damages are sought only against Defendants DYER and HALL according to proof.

## SECOND CAUSE OF ACTION

### Retaliation in Violation of Labor Code § 6310
### Against City of Fresno only

41.     Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs, as though fully set forth herein.

42.     California Labor Code § 6310 protects employees from discharge or any manner of retaliation for making complaints about unsafe working conditions or other unsafe practices.

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

43.    PLAINTIFF, as is alleged above, complained about unsafe working conditions to his union and to his employer.

44.    PLAINTIFF is informed and believes and thereon alleges that he was denied promotion to Lieutenant on multiple occasions, and suffered other adverse actions, in retaliation for his reporting of unsafe working conditions in violation of Labor Code Section 6310.

45.    The adverse actions directly resulted in loss of past and future benefits including salary, increased future pension and benefit amounts, and other losses to be proven at trial.

46.    As a direct and proximate result of DEFENDANTS' unlawful conduct, PLAINTIFF has suffered mental anguish, humiliation, anxiety, loss of earnings, and other employment benefits and job opportunities in an amount to be determined at trial, and has caused him to incur attorneys' fees and costs.

47.    PLAINTIFF is entitled to equitable relief, including lost wages and work benefits and frontpay. He seeks these, plus attorneys' fees and costs under CCP § 1021.5, and all other relief available in law or equity.

### THIRD CAUSE OF ACTION
*Labor Code § 1102.5 Retaliation*
*Against the City of Fresno Only*

48.    PLAINTIFF restates and incorporates by this reference each and every allegation contained in the preceding paragraphs of this Complaint as

15

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

though set forth herein.

49.    Labor Code § 1102.5 prohibits an employer from, among other things, retaliating against an employee for disclosing a violation of state or federal statute, or a violation or noncompliance with state, local or federal rules or regulations.

50.    As set forth above, PLAINTIFF disclosed, and actively opposed violations of state and federal law, and department policy.  PLAINTIFF'S disclosures were based on his reasonably held-belief that DEFENDANTS' actions constituted violations of state and/or federal law, as well as local rules, polices and regulations. PLAINTIFF'S grievances and other reports of misconduct and illegal conduct were also based on his reasonably held belief that DEFENDANTS' violated law and policy.

51.    CITY'S actions against PLAINTIFF, including failures to promote him to Lieutenant, and other adverse actions as described above, were carried out in retaliation for said disclosing and opposition to violations of law, regulations and local rules.

52.    PLAINTIFFS' disclosure and activities are protected under section 1102.5.  Subsection (e) states that "[a] report made by an employee of a government agency to his employer is a disclosure of information to a government or law enforcement agency."

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

53.    As a direct and proximate result of CITY'S unlawful conduct, PLAINTIFF has suffered and will continue to suffer severe physical and mental distress, humiliation, embarrassment, anxiety, loss of earnings, loss of other employment benefits, medical expenses, lack of professional opportunities and advancement, and other general and special damages in an amount to be proven at trial.

54.    PLAINTIFF is entitled to equitable relief, including lost wages and work benefits and frontpay. He seeks these, plus attorneys' fees and costs under CCP § 1021.5, and all other relief available in law or equity.

## FOURTH CAUSE OF ACTION

### FEHA Government Code §§ 12940 (a) Race Discrimination

### Against Defendant City Only

55.    Plaintiff re-alleges each and every preceding paragraph as though set forth in full here.

56.    In doing the things alleged to have been done, Defendant violated § 12940(a). The California Fair Employment and Housing Act (FEHA) (Gov. C. § 12900 et seq.) prohibits employment discrimination on the basis of "race." Gov't Code § 12940(a).

57.    Plaintiff is a member of a protected group: Plaintiff was discriminated against based on his race—Hispanic.

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

58.     Plaintiff's race was a motivating reason for the actions taken against Plaintiff, including those listed above.

59.     By the aforesaid acts and omissions of DEFENDANT, PLAINTIFF has been directly and legally caused to suffer actual damages including, but not limited to, loss of earning and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

60.     As a further direct and legal result of the acts and conduct of DEFENDANT, PLAINTIFF has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, discomfort and related symptoms.

61.     As a result of DEFENDANTS' acts and conduct, as alleged herein, PLAINTIFF is entitled to reasonable attorney fees and cost of suit as provided in Section 12965(b) of the California Government Code.

### FIFTH CAUSE OF ACTION

*FEHA Retaliation in Violation of Cal. Gov't Code §12940(h)*

*Against Defendant City of Fresno Only*

62.     PLAINTIFF hereby incorporates each and every preceding paragraph as though set forth in full here.

63.     As alleged herein and in violation of California Government Code §12940(h), DEFENDANT subjected PLAINTIFF to various adverse employment

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

actions that materially affected PLAINTIFF'S terms and conditions of employment, and adversely and materially affected his job performance and/or opportunities in his career, as alleged above, because he engaged in protected activity by reporting and complaining about and otherwise opposing practices forbidden by California Government Code §12940 et. seq.

64.     By the aforesaid acts and omissions of DEFENDANT, PLAINTIFF has been directly and legally caused to suffer actual damages including, but not limited to, loss of earning and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

65.     As a further direct and legal result of the acts and conduct of DEFENDANT, PLAINTIFF has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, discomfort and related symptoms.

66.     As a result of DEFENDANTS' acts and conduct, as alleged herein, PLAINTIFF is entitled to reasonable attorney fees and cost of suit as provided in Section 12965(b) of the California Government Code.

## SIXTH CAUSE OF ACTION

### *FEHA- Government Code § 12940(k)-*
### *Failure to Prevent Discrimination and Retaliation*
### *Against Defendant City of Fresno Only*

67.     Plaintiff re-alleges each and every preceding paragraph as though set

CASTILLO HARPER
A PROFESSIONAL CORPORATION

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

forth in full here.

68.    In doing the things alleged to have been done, Defendant CITY violated § 12940(k).  Section 12940(k) makes it unlawful for an employer to fail to take all reasonable steps to prevent discrimination and retaliation. The CITY took no steps to either prevent or correct the discrimination alleged herein, and to this very day, have condoned such unlawful actions.

69.    At all times relevant to this complaint, DEFENDANT CITY was an "employer" under Gov't Code sections 12940 and 12926(d).

70.    At all times relevant to this complaint, PLAINTIFF was an employee of DEFENDANT.

71.    PLAINTIFF was subjected to discrimination because of his race.

72.    DEFENDANT failed to take reasonable steps to prevent the ongoing discrimination and disparate treatment of PLAINTIFF.

73.    DEFENDANT'S failure to take reasonable steps to prevent the discrimination was a substantial factor in causing PLAINTIFF harm.

74.    As a direct and proximate result of the DEFENDANTS' conduct, PLAINTIFF has suffered and continues to suffer in his capacity to earn a salary, and has lost, and will continue to lose, employment opportunities and benefits. PLAINTIFF has also been subjected to pain and suffering, extreme and severe mental anguish and emotional distress as a result of DEFENDANTS' wrongful

COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF

conduct as alleged herein.

## SEVENTH CAUSE OF ACTION

### *Retaliation, Interference, Discrimination in Violaiton of Government Code §§ 3502, 3502.1 & 3506 – Against Defendant CITY of Fresno only*

75.    PLAINTIFF restates and incorporates by this reference each and every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

76.    Government Code sections 3502 and 3506 prohibit public agencies from, among other things, interfering with, or discriminating against, public employees because of their participation in the activities of employee organizations for the purpose of representation on all matters of employer-employee relations.

77.    Government Code Section 3502 states: "Except as otherwise provided by the Legislature, public employees shall have the right to form, join, and participate in the activities of employee organizations of their own choosing for the purpose of representation on all matters of employer-employee relations."

78.    Government Code § 3506 states: "Public agencies and employee organizations shall not interfere with, intimidate, restrain, coerce or discriminate against public employees because of their exercise of their rights under Section 3502."

79.    DEFENDANT CITY'S actions against PLAINTIFF, including failures to promote him to Lieutenant, and other adverse actions as described

21

above, were in substantial part carried out in retaliation for PLAINTIFF'S exercise of rights guaranteed under the MMBA.

80.     PLAINTIFF engaged in activity and excercised rights under Government Code § 3502.

81.     DEFENDANT CITY interfered with and attempted to restrain and otherwise punish and deter PLAINTIFF'S protected activity, and further retaliated against and discriminated against PLAINTIFF based on his protected union activity in violation of Government Code §§ 3502 and 3506.

82.     As a result of DEFENDANTS CITY'S unlawful conduct, PLAINTIFF has suffered and will continue to suffer severe physical and mental distress, humiliation, embarrassment, anxiety, loss of earnings, loss of other employment benefits, medical expenses, lack of professional opportunities and advancement, and other general and special damages in an amount to be proven at trial.

83.     PLAINTIFF is entitled to equitable relief, including lost wages and work benefits and frontpay. He seeks these, plus attorneys' fees and costs under CCP § 1021.5, and all other relief available in law or equity.

///

///

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

# PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF prays for relief as follows:

1. For general, compensatory, and special damages in amounts according to proof against all DEFENDANTS;

2. For punitive damages in amounts according to proof against DYER and HALL only;

3. Injunctive/Equitable relief ordering DEFENDANTS to (a) promote PLAINTIFF to the rank of Lieutenant with the pay grade and seniority he would have obtained with reasonable certainty but for Defendants' retaliatory and discriminatory conduct; and (b) to take any and all necessary and reasonable steps to remove the stigma and negative perception of PLAINTIFF;

4. For attorneys' fees as provided by law;

5. For prejudgment, post-judgment and other interest as provided by law;

6. For cost of suit incurred herein; and

7. For such other and further relief as the Court deems fair and just.

Dated:  January 13, 2020                 Respectfully submitted,

                                         CASTILLO HARPER, APC

                                         s/Joseph N. Bolander_____
                                         Brandi L. Harper
                                         Joseph N. Bolander
                                         *Attorneys for Plaintiff*
                                         TEMUJIN BUSTOS

23

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

## DEMAND FOR TRIAL BY JURY

PLAINTIFF hereby demands a trial by jury.

Dated:  January 13, 2020                Respectfully submitted,

CASTILLO HARPER, APC


s/Joseph N. Bolander_____
Brandi L. Harper
Joseph N. Bolander
*Attorneys for PLAINTIFF*
TEMUJIN BUSTOS

CASTILLO HARPER
A PROFESSIONAL CORPORATION

**COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**