1  Douglas T. Sloan, City Attorney (State Bar #194996)
2  Francine M. Kanne, Chief Assistant City Attorney (State Bar 139028)
   **CITY OF FRESNO**
3  2600 Fresno Street, Room 2031
   Fresno, California 93721-3602

4  **BETTS & RUBIN, A Professional Corporation**
5  907 Santa Fe Avenue, Suite 201
   Fresno, California 93721
6  Telephone: (559) 438-8500
   Facsimile: (559) 438-6959
7  James B. Betts (State Bar #110222)
   Joseph D. Rubin (State Bar #149920)
8  Attorneys for Defendant CITY OF FRESNO, JERRY DYER, ANDREW HALL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEMUJIN BUSTOS, | Case No. 1:20-cv-00066-DAD-BAM |
| Plaintiff, | ORDER REGARDING STIPULATION RE: SERVICE AND RESPONSIVE PLEADING |
| vs. | |
| CITY OF FRESNO, a Public Entity; CHIEF OF POLICE JERRY P. DYER, individually and in his capacity as Chief of the Fresno Police Department; CHIEF OF POLICE ANDREW HALL, individually and in his capacity as Chief of the Fresno Police Department; and DOES 1 to 10, inclusive, | |
| Defendants | |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their respective counsel of record, as follows:

1. Defendants City of Fresno, Andrew Hall and Jerry Dyer were served on different dates. Betts & Rubin has been retained to represent all three Defendants.

2. Counsel for the parties previously agreed upon a date to file a responsive pleading for all three Defendants - - March 16, 2020.

3. Given that the Court's docket reflects different dates for responsive pleadings to be filed (Document Nos. 6-8), the parties desire to clarify the issue for the Court.

Respectfully requested,

Dated: March 2, 2020         BETTS & RUBIN

                             By  /s/ Joseph D. Rubin
                                 Joseph D. Rubin
                             Attorneys for Defendant CITY OF FRESNO


Dated: March 2, 2020         CASTILLO HARPER, APC

                             By  /s/ Joseph N. Bolander
                                 Joseph N. Bolander
                             Attorneys for Plaintiff Temujin Bustos

**ORDER**

Local Rule 144(a) provides that "an initial stipulation extending time for no more than twenty-eight (28) days to respond to a complaint . . . may be filed without approval of the Court if the stipulation is signed on behalf of all parties who have appeared in the action and are affected by the stipulation." Stipulations extending time to respond to a complaint or counterclaim for more than twenty-eight (28) days must be approved by the Court. L.R. 144(a). Counsel is required to seek to obtain a necessary extension from the Court as soon as the need for an extension becomes apparent. *Id.* at 144(d). "Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." *Id.* Furthermore, "[s]tipulations for an order shortening time require the approval of [a] Judge or Magistrate Judge . . . before such stipulations are given effect." *Id.* at 144(e).

Here, according to the waiver of service and proofs of service filed by Plaintiff, Defendant Jerry Dyer's response to the complaint is due April 6, 2020, Defendant Andrew Hall's response to the complaint is due March 2, 2020, and Defendant City of Fresno's response to the complaint was due February 12, 2020. (*See* Doc. Nos. 6-8.) The stipulation, which was filed on February 28, 2020, represents that the parties "previously agreed" that all Defendants would file a responsive pleading on or before March 16, 2020. (Doc. No. 9) Accordingly, the parties' stipulation is construed as a request to shorten the deadline for Defendant Jerry Dyer's response to the complaint, to extend the deadline for Defendant Andrew Hall's response to the complaint for less than twenty-eight (28) days, and to extend the deadline for Defendant City of Fresno's response to the complaint for thirty-three (33) days.

As to Defendant Andrew Hall, the parties' stipulation conforms with the requirements of Local Rule 144(a) and therefore requires no court order to be effective.

As to Defendant Jerry Dyer, the stipulation states that the parties previously agreed to shorten the deadline for a response to the complaint. Pursuant to Local Rule 144(e), stipulations seeking to shorten time must be approved by the Court. Likewise, the parties seek

1  to extend the deadline for Defendant City of Fresno's response to the complaint for more than
2  twenty-eight (28) days and therefore Court approval is required.   L.R. 144(a).   However, the
3  parties filed their stipulation for an extension of time sixteen days after the deadline for
4  Defendant City of Fresno's responsive pleading.   (Doc. No. 9.)   Nonetheless, based upon the
5  parties' consent to the amended deadlines, and in the interest of justice, the Court finds that the
6  parties' request is warranted and no prejudice will result.
7       Accordingly, IT IS HEREBY ORDERED that Defendant Jerry Dyer and Defendant City
8  of Fresno's responses to the complaint shall be filed and served on or before March 16, 2020.
9  The Court recognizes the parties' stipulation extending the deadline for Defendant Andrew Hall
10 to respond to the complaint to March 16, 2020, but no further order is required.

IT IS SO ORDERED.

Dated:     **March 2, 2020**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

– 4 –
Stipulation