UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEMUJIN BUSTOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF FRESNO, a Public Entity; CHIEF OF POLICE JERRY P.DYER, individually and in his capacity as Chief of the Fresno Police Department; ANDREW HALL, individually and in his capacity as Chief of the Fresno Police Department; and DOES 1 to 10, inclusive,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00066-DAD-BAM<br><br>**ORDER DENYING STIPULATED PROTECTIVE ORDER WITHOUT PREJUDICE**<br><br>(Doc. No. 27) |

　　　　On February 23, 2021, the parties filed a proposed stipulated protective order. (Doc. No. 27.) The stipulated protective order is overly broad and vague. Local Rule 141.1(c), provides that a proposed protective order must include: (1) a description, in general terms, of the type of information eligible for protection under the order, (2) a showing of a particularized need for each category of information covered by the order, and (3) a showing of why the court should issue an order addressing the need for protection.

　　　　Local Rule 141.1(b)(2) states that a party seeking a protective order relating to the admission of evidence at trial "shall submit a stipulation or request with the party's pretrial statement." In the stipulated protective order, the parties propose "documents designated for protection pursuant to this stipulation…may, if admissible, be introduced into evidence." (Doc. No. 27 at 2 ¶ 3(f).) However, the stipulation appears to be premature as to the documents to be admitted or considered for admission into evidence. The parties fail to identify the correct procedure for introducing documents in to evidence that are subject to a protective order. The

parties instead propose that all documents may be marked confidential by the designating party and then those documents will be subject to protection and admitted into evidence. That procedure is not compliant with the Local Rules and the requirements for filing a document.

Local Rule 141.1(e) states that "documents that are subject to a protective order may be filed under seal only if a sealing order is first obtained." The parties fail to include a provision acknowledging the requirements for sealing a document. The Stipulated Protective order is void of any mention of sealing documents.

Accordingly, IT IS HEREBY ORDERED that the parties' request for entry of the Stipulated Protective Order (Doc. No. 27) is DENIED without prejudice. The parties may file a modified protective order that addresses the requirements of Local Rule 141.1 by identifying the procedure for sealing documents pursuant to L.R. 141.1(e) and for admitting documents into evidence under L.R. 141.1(b)(2).

IT IS SO ORDERED.

Dated: **March 3, 2021**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE